THORNTON *v.* LACONIA LEVEE DISTRICT OF DESHA COUNTY.
Opinion delivered June 15, 1925.

LEVEES—AUTHORITY TO COMPLETE LEVEE.—Acts 1925, No. 356, empowering improvement districts created by special acts to carry out their contracts for construction work previously entered into under original or changed plans, *held* to authorize the Laconia Levee District, created by special act (Acts 1891, p. 169) as amended by Acts 1917, p. 2119, to carry out its previous contract for completion of its levee to comply with the standard required by the Federal Government to secure federal aid, but not for assessment of benefits, which was limited by the special acts above mentioned.

Appeal from Desha Chancery Court; *E. G. Hammock*, Chancellor; affirmed.
*H. H. Hays,* for appellant.
*DeWitt Poe,* for appellee.

MCCULLOCH, C. J. Appellee is a levee district created by special statute enacted in the year 1891, (Acts 1891, p. 619), and amended by another statute in the year

1893 (Acts 1893, p. 253), to construct a levee along the west bank of the Mississippi River in Desha County. Another statute was enacted at the legislative session of 1917, authorizing the district to borrow money, not exceeding $300,000, and issue negotiable bonds therefor. Acts 1917, p. 2119. A levee has been constructed and bonds issued in the aggregate amount mentioned ·in the last statute. There is a standard of levee construction along the Mississippi River, fixed by the Mississippi River Commission of the Federal Government, and the levee constructed by appellee district is below that standard—being only two-thirds of the standard in height and width as prescribed by the Mississippi River Commission.

Under the act of Congress appropriating funds for the improvement of the waterways of the country, the statute being known as the Flood Control Act (39 St. at L. 948), two-thirds of the cost of the levee construction may be paid out of the fund provided by the Federal Government, if the remaining one-third be contributed by the local levee district.

Appellee has arranged to complete the levee so as to bring it up to the government standard and thus participate in the contributions from the Federal Government, and is about to proceed under a statute enacted by the General Assembly of 1925 which reads as follows:

"Section 1. Where any local improvement district created by a special act has made an agreement or undertaking for any construction work to be done upon its original or any changed plans, such district is hereby empowered to carry out such agreement or undertaking; and to that end it may issue bonds bearing interest at a rate not exceeding six per cent. per annum and may secure the payment of said bonds by the pledge and mortgage of its assessment of benefits and tax levy, and the holders of such bonds shall have the rights of action described in § 25 of act No. 279 of the Acts of the Gen-

eral Assembly of the State of Arkansas of the year 1909, entitled, 'An act to provide for the creation of drainage districts in this State,' approved May 27, 1909; but said bonds shall not be sold for less than par without the unanimous vote of the board of directors or commissioners of such district; and such districts may make a reassessment of their benefits, which may be sufficient in amount to complete the improvement, which reassessment shall be made, advertised and equalized like their original assessment of benefits, and shall become final and incontestable after the lapse of the same time as the original assessment."

Appellant is a taxpayer of the district, and instituted this suit to enjoin the proceedings on the ground that the facts did not bring the situation with respect to the work contemplated by appellee district within the operation of the statute quoted above. It is also alleged that appellee district has not "made an agreement or undertaking for any construction work to be done upon its original or any changed plans" within the meaning of the statute. Appellee answered alleging that there has been such an arrangement, agreement or undertaking within the meaning of the statute and introduced proof establishing that fact.

In the case of *Farelly Lake Levee District* v. *Hudson, post* p. 33, we construed the statute involved in the present case, and held that it was a general statute and not a local statute. The Laconia Levee District of Desha County was, as before stated, created by special or local act, and therefore comes within the operation of the statute now under consideration. The facts of the case as shown by the evidence also bring it within the operation of that statute. There is one marked difference, however, between this case and the case of *Farelly Lake Levee District* v. *Hudson.* The statute creating the district involved in that case provided for the assessment of benefits by the board of commissioners, and the recent statute provides, as will

be observed, that a district which had made an agreement or undertaking for the construction of new work may issue bonds, and also reassess the benefits in the same manner as the original assessment of benefits was made.

Laconia Levee District of Desha County was created by special statute in the year 1891 (Acts 1891, p. 169), and § 14 of that statute authorized the annual collection of a levee tax on lands in the district not exceeding two per centum on the values as assessed for State and county purposes. There was an amendment to this statute in 1893 (Acts 1893, p. 253) in matters not important to the present discussion. The General Assembly of 1917 enacted another special statute (Acts 1917, vol. 2, p. 2119), authorizing Laconia Levee District to issue bonds in the sum of $300,000 to refund outstanding warrants and to make needed improvements, and that to secure the payment of said bonds there should be levied annually a levee tax on the lands in the district not exceeding ten per centum of the value assessed for State and county purposes, and that the levy should be made continuous and obligatory until all of the bonds should be fully paid. The last-mentioned statute provided that, if the annual levee of taxes produces more than enough to pay the interest on the outstanding bonds and the principal of said bonds as matured within a year from the date of collection, the board of commissioners may use the remainder of the income of the district for its necessary expenses.

It is thus seen that neither the original statute creating the district nor the subsequent statutes made any provision for actual assessment of the benefits by the commissioners, that those statutes constituted legislative determinations that benefits would inure to the lands in proportion to the expense of constructing and maintaining the improvement, and authority was granted to levy an annual tax not exceeding the specified maximum. It follows therefore that the provision in the recent stat-

ute under consideration authorizing the reassessment of benefits had no application to Laconia Levee District, but the fact that it has no such application does not exclude Laconia Levee District from the operation of that portion of it which authorizes the construction of additional work, and the issuance of additional bonds, There being no other available provision for taxation to pay for additional improvement, the former statute hereinbefore referred to expressly conferring authority upon Laconia Levee District must be the limit of the taxing power. We are not called on to decide in this case whether the authority for levying taxes to cover the additional bonds should be governed by the original statute creating the district or by the act of 1917, *supra,* authorizing a higher raté of taxation for the purposes specified therein. Appellant has not raised any question about that feature of the case, and we refrain from further discussion of it.

The attack of appellant upon the proceedings is unfounded, and the chancery court was correct in dismissing the complaint for want of equity.